IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER STEPHEN BECK, <br><br> Plaintiff, <br><br> vs. <br><br> SHERIFF DAN OSMUND, Custer County Jail; <br><br> Defendant. | 8:16CV193 <br><br> MEMORANDUM AND ORDER |

Plaintiff filed his Complaint on April 29, 2016. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 15.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

At the time of his Complaint, Plaintiff was a prisoner at the Custer County Jail. (Filing No. 1 at CM/ECF p. 2.) He is now a prisoner at a facility in Huntsville, Texas. (*Id*.) Plaintiff names one defendant in his Complaint: Dan Osmund, Custer County Sheriff. (*Id*.) Plaintiff alleges that jailors at the Custer County Jail were deliberately indifferent to his serious medical need when they would not answer his grievances or let him see a doctor about his severe acid reflux. (*Id*. at CM/ECF p. 3.) He claims that he was in so much pain that he could not move or eat. (*Id*.) Petitioner alleges that Sheriff Osmund refused to answer his grievance. (*Id*.) He seeks declaratory and monetary damages against Sheriff Osmund. (*Id*. at CM/ECF p. 5.)

## II. APPLICABLE STANDARDS OF REVIEW ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. To maintain a § 1983 claim against an *individual* supervisory party, (e.g., a county sheriff), Plaintiff must allege facts showing that the supervisory party himself personally violated the Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (emphasis added). Plaintiff's allegations are insufficient to show that Sheriff Osmund personally violated his constitutional rights. His allegations that Sheriff Osmund failed to respond to his grievance does not state a violation of his constitutional rights. *See Buckley v. Barlow*, 997 F.2d 494 (8th Cir.1993) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983).

The court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted.  **Plaintiff is warned that his amended complaint will supersede, not supplement, his Complaint.** Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1.    Plaintiff shall file an amended complaint by **April 9, 2017**, that states a claim upon which relief may be granted. **Plaintiff is warned that his amended complaint will supersede, not supplement, his Complaint.** Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

4

2.    The clerk of the court is directed to set a pro se case management deadline using the following text: **April 9, 2017:** check for Amended Complaint.

Dated this 10th day of March, 2017.

                                  BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  Senior United States District Judge