IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHRISTOPHER STEPHEN BECK, | |
|---|---|
| Plaintiff, | 8:16CV193 |
| vs. | |
| SHERIFF DAN OSMUND, Custer County Jail; | **MEMORANDUM AND ORDER** |
| Defendant. | |

Plaintiff filed his Complaint on April 29, 2016. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 15.) Plaintiff paid his initial partial filing fee on January 17, 2017. (*See* Docket Sheet.) The court ordered Plaintiff to file an amended complaint because his Complaint failed to state a claim upon which relief could be granted. (Filing No. 16.) The court now conducts review of Plaintiff's Amended Complaint (Filing No. 19).

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff was a prisoner at the Custer County Jail in Broken Bow, Nebraska. (Filing No. 19 at CM/ECF p. 1.) He is now a prisoner at a facility in Huntsville, Texas. (*Id.*) Plaintiff alleges that, while confined at the Custer County Jail between August - November of 2014, he informed Head Jailor Pamela Hunter ("Hunter") and Sheriff Dan Osmund ("Osmund") about his stomach pain. (*Id.* at CM/ECF p. 2.) Plaintiff states that he could barely eat or get out of bed for several days. (*Id.*) He requested to see a doctor, but Osmund referred him to Hunter and Hunter refused to let him see a doctor. (*Id.*) Plaintiff later advised Hunter that he saw blood in his stool. (*Id.* at CM/ECF p. 3.) Plaintiff alleges that Hunter returned several hours later with a prescription bottle with Plaintiff's name on it and told him to take the pills in the bottle. (*Id.*) Plaintiff states that he refused to take any

prescription without seeing a doctor. (*Id*.)  Plaintiff never saw a doctor. (*Id*.) Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id*. at CM/ECF p. 4.) He sues Hunter and Osmund in their official and individual capacities. (*Id*. at CM/ECF p. 2.)

## II.  APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Official Capacity Claims**

Plaintiff's claims against Defendants in their official capacities are actually claims against their employer: Custer County, Nebraska. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Custer County's employees, or that Custer County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Custer County across the line from conceivable to plausible under the *Jane Doe* standard. Alternatively, because Plaintiff is no longer confined at the Custer County Jail, his claims for injunctive and declaratory relief are moot. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (inmate's claims for declaratory and injunctive relief moot when he was transferred to another facility). Plaintiff's official capacity claims against Defendants will be dismissed.

## B. Individual Capacity Claims

Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs. The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000). Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132

F.3d 1234, 1239 (8th Cir.1997)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (internal citations omitted).

Liberally construed, Plaintiff's allegations suggest that Defendants ignored his pleas to see a doctor, despite being aware of his pain, which included barely eating or getting out of bed for several days and bloody stool. These claims will be allowed to proceed to service of process. *See, e.g.*, *Simmons v. Buescher*, 972 F.2d 354 (8th Cir. 1992) (unpublished) (allegations sufficient to state a claim where the defendant refused to allow the plaintiff to see a doctor despite his complaints of pain; she refilled his prescriptions without consulting a doctor; and she frequently withheld his medication.). The court cautions Plaintiff that this is only a preliminary determination based on his allegations, and is not a determination of the merits of his claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Eighth Amendment claims for deliberate indifference to serious medical needs for *monetary damages* against Defendants Dan Osmund and Pamela Hunter in their *individual capacities* may proceed to service of process.

2. Plaintiff's remaining claims against Defendants are dismissed for the reasons set forth in this Memorandum and Order.

3. The clerk's office is directed to add Pamela Hunter as a defendant in this matter.

4. For service of process on Defendants Dan Osmund and Pamela Hunter in their individual capacities, the clerk of the court is directed to complete 2 summons forms and 2 USM-285 forms for Defendants Dan Osmund and Pamela Hunter using the address Custer County Jail, 116 South 11th Avenue, Broken Bow,

NE 68822 and forward them together with a copy of the Amended Complaint (Filing No. 19) and a copy of this Memorandum and Order to the Marshals Service. The Marshals Service shall serve Defendants Dan Osmund and Pamela Hunter personally in their individual capacities at the Custer County Jail, 116 South 11th Avenue, Broken Bow, NE 68822. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. The clerk of the court is directed to set the following pro se case management deadline: August 9, 2017: check for completion of service of process.

Dated this 11th day of May, 2017.

                                            BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            Senior United States District Judge